## Lary FAUGHT v. Charles L. DANIELS, Director of Labor, State of Arkansas

CA 79-203      590 S.W. 2d 79

November 14, 1979
Released for publication December 5, 1979

Appellant, *pro se*.

*Herrn Northcutt,* for appellee.

### PER CURIAM

An agency determination held claimant ineligible for unemployment benefits under the provisions of Section 4(c) of the Arkansas Employment Security Law. The appeal tribunal affirmed the determination. On appeal to the Board of Review the appeal tribunal's decision was affirmed. Claimant appeals to this court.

Claimant is employed 180 days a year by the U.S. Forestry Service. He claims other forestry service 180-day employees have no trouble drawing unemployment compensation and thus he is the victim of discrimination. We can only evaluate employment security claims on an ad hoc basis. Our job is to determine whether the claimant has been denied compensation according to the law. We certainly would not approve any discriminatory practice, but we can review only the claims that come before us.

The claimant has worked 180 days a year for the past five years. The last 180 days worked were between October

2, 1978 and June 21, 1979. One of the pecularities of his job with the U.S. Forestry Service is the fact he is allowed only 180 work days per year. Because of the job location the claimant lives in a remote rural area of Deer, Arkansas. Deer is approximately forty miles from Harrison, Clarksville, and Russellville. He walks from his home to his Forestry Service job. His testimony indicates he wants very much to retain his 180 day job and work toward getting on Civil Service. His home is within 12 miles of his wife's place of employment at the present time. Claimant testifies he would move if he went to work at Harrison, Russellville or Clarksville. But he is conditional about whether he would accept work forty miles away. "I'm not placing any restrictions. If they will refer me to a job, I'll go or if I find one, I'll go talk to them about it. I can't say whether I'd take it until I do talk to the employer. I might not even be qualified. I've got to at least know what I'm getting into, know what I've got."

> Referee: But you say you're available for job out there if you could . . .
>
> Claimant: Yeah, *in the area.* I was reading a book here. If I can find the page, I've looked all the way through. I didn't know what I was going to get into really. Says, available for work and being ready to accept work at once and make a reasonable effort to find work. To me I think I've made a reasonable effort to find work. Actually there's not that much work, if any. If there are I haven't been able to find any. It says, all states require that a claimant be willing to accept suitable work in the locality in which residing. Well I don't know how far out this locality is gonna run and ah it said, also said, you can't move out of a locality which has work for you and draw unemployment. I've certainly not moved out of it, I've lived there all my life.
>
> Referee: Staying there aren't you.
>
> Claimant: Yeah.

We can certainly understand the dilemma in which the claimant finds himself. He wants and expects to return to his

Forestry Service job each year in October. He would accept a full time permanent job if he could find one in his neighborhood provided it paid something near the rate of pay he has been receiving for his service with the U.S. Forestry Service. In the remote rural area where he resides this is virtually impossible as there are practically no jobs available.

The appeal tribunal found the claimant is not making a reasonable effort to find employment other than of a very temporary nature as he plans to return each October to his Forestry Service job. It also found the claimant was not doing those things a reasonable prudent individual would be expected to do to secure work under the meaning of Section 4(c) of the Arkansas Employment Security Law. The Board of Review adopted the findings of the appeal tribunal.

We affirm.